UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                  CASE NO. 8:24-cr-486-VMC-NHA

JUSTIN ALAN SEYMOUR

## UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting a middle of guidelines sentence of 132 months, followed by the mandatory minimum consecutive 7 years, for a total sentence of 216 months imprisonment for defendant Justin Alan Seymour.

## I. FACTUAL BACKGROUND

On October 21, 2024, defendant Justin Seymour robbed the Domino's Pizza store at 7104 E. Fowler Avenue in Tampa. He entered the store, brandished a firearm, and demanded the employees give him money. The victim provided Seymour with $30.00. The defendant also demanded a second victim, the store manager, open the safe, but then fled when a customer pulled up to the store. He fled eastbound on Fowler Ave in a black SUV.

The Hillsborough County Sheriff's Office responded to the scene and began to investigate. A Domino's delivery vehicle was parked out front of the store, and the defendant, and his vehicle, could be seen on this camera footage. The vehicle captured on the footage was a black Hyundai Tucson with all black rims, orange

door handles, orange accents in the grill, and a blacked-out Hyundai emblem on the front. It also appeared to have some sort of white tag over the license plate. Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) investigated whether the orange handles were a unique feature of those types of Hyundais and learned that they were.

The next day, a detective with HSCO discovered a Tampa Police Department (TPD) report of an aggravated battery that occurred on October 17, 2024, four days before the robbery. The victim in that case had told TPD officers that a man she knew as "Ghost" showed up at her hotel door asking for $20.00 she allegedly owed him. He struck her over the head with a .40 caliber pistol, and the victim was bleeding when officers arrived. The victim told officers "Ghost" drove a black Hyundai SUV. The victim also told officers she had received a CashApp request for $20.00 from an account with the name Justin Seymour.

Based on this information, law enforcement conducted a database search for Seymour and learned that he had a black 2016 Hyundai Tucson registered in his name. The Tucson had a Tennessee license plate of 878BMVT. Law enforcement ran the plate through HCSO's license plate reader (LPR) system and found that this Tennessee vehicle was in Tampa on the date of the Domino's robbery.

After learning this, HCSO placed an internal flag on the license plate and vehicle. On October 23, 2024, the vehicle hit on a tag reader at Himes Avenue and Waters Avenue in Tampa. HCSO responded to the area and located the vehicle. They then observed two traffic violations and initiated a traffic stop of the vehicle.

Officer's asked Seymour to exit the vehicle after observing him reaching around his seat after the traffic stop. During a pat down, offices observed a bulge consistent with a firearm and located a pistol on Seymour's person. The firearm was seized. The firearm was consistent in appearance with the firearm used during the Domino's robbery. Law enforcement also searched the vehicle itself and located handcuffs, rope, and a taser. United States Trial Exhibits 18.

## II. PROCEDURAL BACKGROUND

On November 12, 2024, a grand jury seated in the Middle District of Florida returned a one-count indictment charging Seymour with one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). Doc. 14. On January 7, 2025, the grand jury returned a superseding indictment further charging Seymour with two additional counts: one count of Hobbs Act Robbery, and one count of Possession of a Firearm in Furtherance of a Violent Crime. Doc. 25. On April 25, 2026, a jury found the defendant guilty of all counts. Doc. 130.

### III. PRESENTENCE INVESTIGATION REPORT

Probation issued its Final Presentence Investigation Report on July 29, 2026. According to the PSR, the defendant has an Offense Level of 26. The defendant has a criminal history category of VI. The defendant has a guideline range of 120-150 months' imprisonment for Counts One and Three. Count Two must be punished by a mandatory minimum sentence of at least 7 years, up to life, and this sentence must run consecutive to the sentence on Counts One and Three.

The United States does not have any legal or factual objections to the information stated in the PSR. The Defendant has one unresolved objection to the presentence report that affects the guidelines or the applications of the guidelines.

### IV. UNITED STATES' POSITION ON DEFENDANT'S OBJECTIONS

The United States agrees with Probation's calculations of the guidelines and submits that the probation officer has correctly applied all enhancements.

The Defendant objects to the four -level enhancement under U.S.S.G. §2K2.1. As discussed above, just four days prior to the robbery, another victim reported that the defendant had attacked her with a firearm, reporting it to be a .40 caliber firearm, like the one recovered on the defendant's person on October 23, 2024. [1] U.S.S.G. §2K2.1 provides for a four-level offense level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." Id. Here, the defendant both used and possessed the same weapon he possessed on October 23, 2024, in connection with another felon offense, the assault on the victim on the October 17, 2024.  The United States agrees with Probation's application of this enhancement, as well as Probation's thorough explanation as to why the October 17, 2024 incident should be considered. As Probation explains, the timing of the two incidents are only days apart. Furthermore, the incident involves the

---

[1] The United States recognizes it has a burden to prove this offense occurred to a preponderance of the evidence standard and will call SA Garnder as a witness during the sentencing hearing.

defendant using violence, a .40 caliber firearm, to attempt to obtain money, just like the Dominos robbery.

The defendant argues that even if the information is properly included, the United States cannot meet the preponderance of evidence standard, since it does not plan to call the victim to testify. The defendant argues that even though hearsay is admissible in a sentencing hearing, the testimony of an officer or case agent as to the victim's account is not sufficient because the victim herself may not be reliable. However, that argument is counterintuitive to the facts in the case. Here, the whole reason agents knew about the woman's assault is because the details she provided were so specific that they were able to use her description to help them locate the defendant. The victim described the same vehicle Seymour drove, a firearm of the same caliber as the one Seymour had, and a nickname of "Ghost", which SA Gardner will testify she confirmed was a name utilized by the defendant. She furthermore indicated that she had a CashApp request from a person named Justin Seymour.

The fact that the victim's statements are corroborated by other evidence in this case is a critical point. In *United States v. Williams*, 322 Fed. Appx. 846 (11th Cir. 2009), the Court held that "[the officers] statements bore an adequate indicia of reliability because they corroborated key information from Juvenile 1's statements: a description of William's car, a phone number, and that Williams purported to be connected to the music industry." Id. at 848. The corroborating facts in Williams

bear a striking resemblance to the corroborating facts in this case. The victim described a car, a cash app account, a nickname, and a firearm.

The United States submits that the statements made by the victim are admissible in the hearing, that they clearly support the enhancement, and that it should be applied in this case.

## IV. UNITED STATES' POSITION ON A SUFFICIENT BUT NOT GREATER THAN NECESSARY SENTENCE

The United States submits that a guidelines sentence of 132 months, followed by the mandatory minimum sentence on Count Two of 84 months, or a total sentence of 216 months, is sufficient but not greater than necessary to comport with the goals of 18 U.S.C. § 3553.

## V. SENTENCING FACTORS UNDER 3553(a)

The circumstances of the offense support a guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). A sentence of 216 months imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. See 18 U.S.C. § 3553(a). In addition, a sentence of 216 months' imprisonment sentence is necessary to afford adequate deterrence, both general and specific, and to protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a).

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it however, is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater

weight to certain factors over others. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 57 (2007). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

There is a significant need to protect the public and the citizens of the Middle District of Florida, and elsewhere, from future crimes of the Defendant. As discussed above, the circumstances of this robbery terrified the victim, and likely terrified citizens of the community as well. The defendant robbed a restaurant, in broad daylight, with a firearm. What is almost equally concerning is that the defendant committed his robbery in this case six years to the day after being sentenced in another robbery of a restaurant with a firearm here in the Tampa area. The defendant is a danger to this community, and a guidelines sentence is necessary to protect the public.

A sentence of 216 months is also necessary to provide specific deterrence to the Defendant and general deterrence to anyone else contemplating violent robberies in the Middle District of Florida. Citizens should be able to operate and conduct their affairs without fear of financial loss and personal physical injury.

A sentence of 216 months is also necessary to reflect both the seriousness of the offense and provide a just punishment. These actions by the Defendant were dangerous, harmful, and showed a total disregard for the health and safety of others, specifically the victim. As the PSR includes, the robbery and its aftermath took a

significant toll on the victim in this case. A significant sentence of 216 months is necessary to provide a just punishment for the Defendant's actions.

## VI. CONCLUSION

For all these reasons, the United States respectfully submits that a sentence of 216 months' imprisonment is reasonable, fair, and reflects the directives set forth in 18 U.S.C. § 3553.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Samantha J. Newman*
Samantha J. Newman
Assistant United States Attorney
United States Attorney No. 209
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: 813-301-3086
Facsimile: 813-274-6358
Email: Samantha.newman@usdoj.gov

**U.S. v. Justin Seymour**                    **Case No. 8:24-cr-486-VMC-NHA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:


Counsel of Record


By:     /s/ Samantha J. Newman
        Samantha J. Newman
        Assistant United States Attorney
        United States Attorney No. 209
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: 813-301-3086
        Facsimile: 813-274-6358
        Email: Samantha.newmn@usdoj.gov

2